BERANEK, Judge.
These appeals involve a personal injury suit and a related insurance coverage dispute between several parties. The trial court severed the coverage dispute and entered a final judgment after a nonjury trial. The facts, as testified to by various witnesses, were in substantial dispute. Although the briefs contain extensive arguments about the facts, the basic appellate attack is simply that the court misapplied the law to the facts.
An automobile/truck accident occurred on the afternoon of December 8, 1977, resulting in alleged personal injuries to Evelyn Laganiere. She filed suit against the driver of the truck and two alleged owners of the truck; Fast Freight Transfer and Samuel Sparacino. South Carolina Insurance Company was also joined as a defendant as the liability insurer for these defendants and Hialeah Lakes Insurance Agency was joined as an insurance agency alleged to have apparent or actual authority to bind coverage on behalf of South Carolina Insurance Company. The issue of whether South Carolina provided coverage was raised in various claims between the parties and eventually the entire coverage dispute was tried separately.
As indicated, there were numerous factual disputes. The facts found by the court are that Samuel Sparacino’s vehicle was involved in the accident on the afternoon of December 8,1977. A policy application and binder were issued by Hialeah Lakes Insurance Agency on December 12, 1977. This binder is the basis for the coverage claimed to have been provided by South Carolina Insurance Company. According to the trial court Sparacino knew he had no coverage when the accident occurred on December 8, 1977, because he had not paid his full premium on the policy which he had previously sought to obtain from Hialeah Lakes Insurance Agency. The agency had given Spara-cino notice of the fact that there was no coverage. When Sparacino went into Hialeah Agency on December 12, he knew he did not have the coverage but went there to report the accident and to pay the delinquent balance on the premium. The agency, with notice of the accident, took the money and backdated the policy application. At no time prior to the issuance of the policy was South Carolina informed of the accident by either Sparacino or Hialeah.
After finding these facts the trial court concluded that the misrepresentations by both the insured, Sparacino, and the agency were sufficient to void the coverage claim against South Carolina Insurance Company. *1301 On appeal, both Sparacino and Fast Freight contend that coverage should be effective because the Hialeah Agency had actual authority from the carrier to bind coverage. Such a position is certainly contrary to the spirit of Massachusetts Bonding and Insurance Company v. Hoxie, 129 Fla. 332, 176 So. 480 (Fla.1937) upon which the trial court relied. Although the Hoxie case is not directly on point, the rationale is persuasive and supportive of the trial court’s decision. Sparacino should not be allowed to profit by his own misrepresentations even though the agent cooperated in making the misrepresentations to the carrier. We recognize that Sparacino’s actual testimony is totally contrary to the facts found by the trial judge. Conversely the testimony of the witnesses from the Hialeah Agency was directly contrary to Sparacino’s. In short, the crucial witnesses all testified to markedly different factual versions. Hialeah witnesses testified that Sparacino came in and paid the premium due on the morning before the accident of December 8, and Sparacino testified that he did not get there until December 12th. The trial court’s version of the facts, in view of such conflicting evidence, cannot be rejected on appeal. The judgment below is thus affirmed.
The appellants are Sparacino and Fast Freight Transfer, Inc., and each has raised various other issues which we have considered and find to be either moot or lacking in merit.
AFFIRMED.
ANSTEAD and HERSEY, JJ., concur.